J-S19005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TYRONE HOPPER | : | |
| Appellant | : | No. 3095 EDA 2016 |

Appeal from the Judgment of Sentence August 25, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013614-2013,
CP-51-CR-0013615-2013

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 25, 2018**

Appellant, Tyrone Hopper, appeals from the judgment of sentence entered on August 25, 2016.   We remand this case to the trial court with instructions and retain panel jurisdiction.

On August 26, 2013, in the 500 block of Catherine Street in Philadelphia, Appellant approached Saleese Austin and Leroy Byrd, and at gunpoint, ordered Mr. Byrd to empty his pockets.  Mr. Byrd and Appellant engaged in a physical altercation, and Mr. Byrd disarmed Appellant and restrained him until police arrived.  In a criminal information filed at CP-51-CR-0013614-2013, the Commonwealth charged Appellant with aggravated assault, robbery, criminal attempt, possessing an instrument of crime ("PIC"), simple assault, recklessly endangering another person ("REAP"), resisting arrest, and four counts of

_____
* Retired Senior Judge assigned to the Superior Court.

violating the uniform firearms act ("VUFA"), relating to the crimes committed against Mr. Byrd.[1] Information, 11/15/13. Additionally, in a separate criminal information filed at CP-51-CR-0013615-2013, the Commonwealth charged Appellant with simple assault, REAP, and PIC in connection to the crimes committed against Ms. Austin.[2] Information, 11/15/13.

The cases at CP-51-CR-0013614-2013 and CP-51-CR-0013615-2013 were consolidated for trial. Following a jury trial, Appellant was found guilty of robbery, VUFA (possession of a firearm by a prohibited person), VUFA (firearms not to be carried without a license), VUFA (firearms not to be carried in public in Philadelphia), PIC, and REAP at CP-51-CR-0013614-2013, and guilty of REAP at CP-51-CR-0013615-2013.

At CP-51-CR-0013614-2013, the trial court sentenced Appellant to a term of incarceration of six to twelve years for robbery, a consecutive term of two to four years of incarceration for VUFA (possession of a firearm by a prohibited person), a concurrent term of two to four years of incarceration for VUFA (firearms not to be carried without a license), a concurrent term of two to four years of incarceration for VUFA (firearms not to be carried in public in Philadelphia), a concurrent term of two to four years of incarceration for PIC,

---

[1] 18 Pa.C.S. §§ 2702(a), 3701(a)(1)(ii), 901(a), 907(a), 2701(a), 2705, 5104, 6105(a)(1), 6106(a)(1), 6106.1, and 6108 respectively.

[2] 18 Pa.C.S. §§ 2701(a), 2705, and 907(a) respectively.

and a consecutive term of two years of probation for REAP. Order of Sentence, 8/25/16. At CP-51-CR-0013615-2013, the trial court sentenced Appellant to a term of two years of probation for REAP to be served concurrently with the two-year sentence of probation at CP-51-CR-0013614-2013. Order of Sentence, 8/25/16. This resulted in an aggregate sentence of eight to sixteen years of incarceration followed by two years of probation.

Appellant's trial counsel filed a timely post-sentence motion that was denied on August 30, 2016. Trial counsel was also permitted to withdraw on August 30, 2016. Appellant filed a timely *pro se* notice of appeal on September 23, 2016, and on October 17, 2016, the trial court appointed Lawrence Bozzelli, Esquire, to represent Appellant on appeal. Despite Appellant filing an appeal at both CP-51-CR-0013614-2013 and CP-51-CR-0013615-2013, the order appointing Attorney Bozzelli lists only CP-51-CR-0013614-2013.[3] On January 18, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On February 21, 2017, Appellant filed a motion for extension of time in which to file the Pa.R.A.P. 1925(b) statement as counsel had yet to receive

---

[3] We are satisfied that listing only CP-51-CR-0013614-2013 on the appointment letter was an oversight, as the trial court included both CP-51-CR-0013614-2013 and CP-51-CR-0013615-2013 on subsequent filings, including the order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Nevertheless, on remand, we direct the trial court to file an amended appointment letter including both docket numbers.

the notes of testimony. On March 21, 2017, the trial court filed an order directing Appellant to file a Pa.R.A.P. 1925(b) statement within thirty days, or, if the notes of testimony remained unavailable, to file a Pa.R.A.P. 1923 statement in the absence of the transcripts. It appears from the record that counsel for Appellant did neither.

In an opinion filed on May 22, 2017, the trial court stated that it would address the issues raised in Appellant's post-sentence motion, but any other issues were waived due to Appellant's counsel's failure to file a Pa.R.A.P. 1925(b) statement. Trial Court Opinion, 5/22/17, at 2. In Appellant's brief, Appellant's counsel averred that he did not receive the notes of testimony until November 3, 2017, and it appears that this was the reason for counsel's failure to file a Pa.R.A.P. 1925(b) statement.[4] Appellant's Brief at 7.

Pursuant to Pa.R.A.P. 1925(c)(3), "[i]f an appellant in a criminal case was ordered to file a [Pa.R.A.P. 1925(b)] Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge." We conclude

_____

[4] We point out that the notes of testimony are not included on the trial court docket or in the certified record. Therefore, we are unable to discern when the notes of testimony were available. Moreover, the delay in the preparation of the notes of testimony may have been beyond counsel's control. However, the absence of the notes of testimony does not excuse counsel's failure to comply with the trial court's alternative directive to file a statement in the absence of transcript pursuant to Pa.R.A.P. 1923.

herein that counsel's failure to file a Pa.R.A.P. 1925(b) statement was *per se* ineffective as the trial court concluded that it would address only the issues presented in Appellant's post-sentence motion, and that Appellant waived all other issues.

For the reasons set forth above, we remand this matter to the trial court to immediately file an amended order appointing counsel to represent Appellant at both CP-51-CR-0013614-2013 and CP-51-CR-0013615-2013. Counsel shall then file and serve upon the trial court a Pa.R.A.P. 1925(b) statement *nunc pro tunc* within twenty-one days from the date of this Memorandum and ensure a complete record for review, including any notes of testimony. Within thirty days from the date that Appellant files a timely Pa.R.A.P. 1925(b) statement *nunc pro tunc*, the trial court shall file a Pa.R.A.P. 1925(a) opinion addressing all of the issues raised in the Pa.R.A.P. 1925(b) statement. Thereafter, the Prothonotary of this Court shall issue a new briefing schedule. Should counsel fail to file a timely Pa.R.A.P. 1925(b) statement *nunc pro tunc*, we direct the trial court to inform us of said failure so that this Court may take additional remedial action including referring counsel for disciplinary measures.

Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/18